IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **RHONDA BOYLES,** | |
| Plaintiff, | |
| v. | Civil Action Number<br>3:14-cv-00331-AKK |
| **FRANKLIN COUNTY COMMISSION,** et al., | |
| Defendants. | |

## MEMORDANDUM OPINION

Plaintiff Rhonda Boyles brings this action against the Franklin County Commission and Judge Barry Moore, both in his capacity as probate judge of Franklin County and as an individual (collectively "the defendants"), for violations of the Fair Labor Standards Act ("the FLSA") and wrongful termination. Before the court is the defendants' motion for summary judgment. The motion is fully briefed, docs. 25, 27, 28, and ripe for review. For the reasons stated below, the motion is due to be granted.

**I. SUMMARY JUDGMENT STANDARD OF REVIEW**

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any

1

material fact and the movant is entitled to judgment as a matter of law." "Rule 56[ ] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (alteration in original). The moving party bears the initial burden of proving the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-moving party, who is required to go "beyond the pleadings" to establish that there is a "genuine issue for trial." *Id.* at 324 (internal citations and quotation marks omitted). A dispute about material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The court must construe the evidence and all reasonable inferences arising from it in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Anderson*, 477 U.S. at 244 (all justifiable inferences must be drawn in the non-moving party's favor). Any factual dispute will be resolved in the non-moving party's favor when sufficient competent evidence supports that party's version of the disputed facts. *See Pace v. Capobianco*, 238 F.3d 1275, 1276, 1278 (11th Cir. 2002) (a court is not required to resolve disputes in the non-moving party's favor when that party's version of

events is supported by insufficient evidence). However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (citing *Bald Mountain Park, Ltd. v. Oliver*, 863 F.2d 1560, 1563 (11th Cir. 1989)). Moreover, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that a jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 252).

## II. FACTUAL BACKGROUND

Boyles began work as a recording clerk in the Franklin County Probate Office in 2001. Doc. 25-2 at 8. In April 2007, she received a promotion to chief probate clerk under Judge Mike Green. *Id.* at 8–9. After Judge Green's death, Governor Bob Riley appointed Judge Moore to fill the vacancy, and Boyles continued working as chief probate clerk. *Id.* at 8. Boyles' powers and responsibilities as chief probate clerk were identical to those of a probate judge. *Id.* at 16–19. She had the authority to sign Judge Moore's signature on official documents, and oversaw his office while he was away, *id.* at 20, acting as his "voice while he wasn't there," *id.* at 35. She also served as the department head for the Franklin County Probate Office, assigning work shifts, verifying reported

hours, addressing complaints, and providing training for the four employees she supervised. *Id.* at 15, 20–23.

In January 2013, Judge Moore discharged Boyles, allegedly because she failed to support his candidacy in the 2012 election against Connie Green. *Id.* at 31–32. Boyles did not campaign for Green, display any of Green's campaign materials, or do anything that would inform Judge Moore that she did not support his candidacy. *Id.* at 32–33. Nonetheless, she contends that her political views factored in the discharge because, six years earlier, she had informed Judge Moore, a Republican, of her membership in the Democratic Party. *Id.* at 33.

## III. ANALYSIS

Boyles contends the defendants failed to pay her overtime, as required under the FLSA, and wrongfully discharged her, violating her First Amendment rights. The court addresses each claim in turn.

### *A. Boyles Has Conceded That She is Not an Employee under the FLSA*

The defendants contend that Boyles is excluded from the definition of an employee under the FLSA because her she was part of Judge Moore's personal staff and because she was an immediate advisor to Judge Moore. Boyles failed to respond to these arguments, and accordingly the court finds she has abandoned her claim under the FLSA. *McIntyre v. Eckerd Corp.*, 251 F. App'x 621, 626 (11th Cir. 2007) (holding that plaintiff abandoned issue at summary judgment by failing to

address it in response brief). Alternatively, the FLSA claim fails because both the personal staff and immediate advisors of elected officials are not considered employees under the FLSA, and thus are not subject to its minimum wage and overtime pay requirements. 29 U.S.C. § 203(e)(2)(C).

### 1. Boyles Qualified as Personal Staff and an Immediate Advisor

The Eleventh Circuit considers the following factors in determining whether an employee is part of an official's personal staff:

> (1) [W]hether the elected official has plenary powers of appointment and removal, (2) whether the person in the position at issue is personally accountable to only that elected official, (3) whether the person in the position at issue represents the elected official to the public, (4) whether the elected official exercises a considerable amount of control over the position, (5) the level of the position within the organization's chain of command, and (6) the actual intimacy of the working relationship between the elected official and the person filling the position.

*Laurie v. Ala. Court of Criminal Appeals*, 88 F. Supp. 2d 1334, 1338 (M.D. Ala. 2000), *aff'd* 256 F.3d 1266 (11th Cir. 2001). By Boyles' own account, Judge Moore was her sole and direct supervisor with power to hire or discharge her, and she represented him to the public. Doc. 25-2 at 15–16, 20. Consequently, it is undisputed that Boyles was a part of Judge Moore's personal staff. Likewise, Boyles qualified as an immediate advisor to an elected official. This element requires Judge Moore to show that Boyles "help[ed] [him] perform [his] constitutional and legal duties as [an] elected official . . ." and that he "expect[ed] and receive[d] advice" from Boyles "on the issues that go to the core of the judge's

duties as an elected official . . . ." *Laurie*, 88 F. Supp. 2d at 1349 (internal quotation marks omitted). It is undisputed that Boyles provided advice to Judge Moore in the performance of his constitutional and legal duties, and in fact had both the power and obligation to perform the same duties herself. Doc. 25-2 at 19. Consequently, as to Boyles' FLSA claim, the defendants' motion is due to be granted.

### 2. Chief Probate Clerk is an Exempt Administrative Position

Boyles' claim under the FLSA fails also because the position of chief probate clerk is an administrative position exempted from the FLSA's requirements of overtime compensation. *See Viola v. Comprehensive Health Mgmt., Inc.*, 441 F. App'x 660, 662 (11th Cir. 2011).

> Under DOL regulations, an employee qualifies for the administrative exemption if (1) the employee is compensated on a salary or fee basis not less than $455 per week; (2) the employee's primary duty is the performance of office or non-manual work directly related to the management of general business of the employer of the employer's customers; and (3) the employee's primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

29 C.F.R. § 541.200 *et seq.* Boyles does not contest the second or third factors, and in her deposition, she testified that she received a fixed salary, i.e. that she was "paid a salary of $20,488" in 2004 and was subsequently given pay raises. Doc. 25-2 at 9. Despite her unequivocal testimony, and presumably in an attempt to create a factual dispute, Boyles has submitted an affidavit with her response brief

stating that she was not compensated on a salaried basis, and thus did not hold an exempt administrative position. Doc. 27-1. Obviously, Boyles' statement in the affidavit that she "did not have a set salary," doc. 27-1, directly conflicts with her deposition testimony that she was "paid a salary," doc. 25-2 at 9. In fact, in her deposition, Boyles agrees that her "pay [was never] reduced based upon the number of hours that [she] worked," doc. 25-2 at 21, and that there "[w]as never a week that [she] did not get paid for [forty] hours,"[1] *id.* at 13.

In light of the conflict between Boyles' deposition testimony and her affidavit, the defendants have moved to strike Boyles' affidavit. Doc. 29. Courts "may disregard an affidavit submitted solely for the purpose of opposing a motion for summary judgment when that affidavit is directly contradicted by deposition testimony," and the court will not consider such testimony unless a party can adequately explain the deviation from her previous testimony. *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1240 n. 7 (11th Cir. 2003). Boyles has not even attempted to provide the court with such an explanation. Accordingly, the court grants the defendants' motion to strike Boyles' affidavit, and finds that her deposition testimony establishes that she was an exempt administrative employee under the FLSA.

---

[1] Boyles also contradicts this testimony in her affidavit by stating that "if [she] did not work [forty] hours a week, [her] pay would decrease . . . ." Doc. 27-1.

In short, as Boyles was part of Judge Moore's personal staff, an immediate advisor to Judge Moore, and in an exempt administrative position, the FLSA's requirements do not apply to her, and her claim consequently fails.

*B. Boyles' Discharge did not Violate her First Amendment Rights*

Boyles contends that Judge Moore violated her First Amendment rights by discharging her because of her political beliefs. The defendants contend that there is no state law cause of action for such a claim, that Boyles did not engage in any protected expression, and that Judge Moore could discharge her based on her political beliefs without violating her First Amendment rights because her position is a legal "alter ego" of his own.

As a threshold matter, the court notes that employment in Alabama is generally at-will, and that consequently "an employee may be discharged for any reason, good or bad, or for no reason at all." *Ex parte Amoco Fabrics & Fiber Co.*, 729 So. 2d 336, 339 (Ala. 1998) (citing *Bell v. S. Cent. Bell*, 564 So. 2d 46 (Ala. 1990)). Alabama recognizes a tort cause of action for wrongful termination of an at-will employment contract in limited circumstances, typically, but not exclusively, when the legislature creates a statutory exception. *See Howard v. Wolf Broad. Corp.*, 611 So. 2d 307, 312 (Ala. 1992) (refusing to create a judicial "public policy" exception to the "at-will" doctrine, but recognizing statutory exceptions for termination as a result of filing claims for worker's compensation benefits and

attending jury duty). Boyles has not cited any statute or authority that recognizes a cause of action for her wrongful termination claim. Her reliance on *Oden v. Oktibbeha Cty., Miss.*, 246 F.3d 458 (5th Cir. 2001), and *Thomas v. Cooper Lighting*, 506 F.3d 1361 (11th Cir. 2007), are unavailing, as these cases respectively concern claims brought under § 1983 and Title VII, both of which provide federal, not state, causes of action.

Moreover, even were the court to grant Boyles the benefit of the doubt and assume she has pleaded a valid cause of action, her claim would still fail. The defendants contend that Boyles did not engage in any protected expression by declining to support Judge Moore because she did not campaign for his opponent in the election. *See* Doc. 25-2 at 31–32. If Judge Moore had asked Boyles to support his campaign, then the facts might support her claim. "A government employee's refusal to speak in the face of a request to speak is, under some circumstances, protected conduct." *Endicott v. Deschutes Cnty.*, No. 6:14-CV-1810-MC, 2015 WL 853091 at *3 (D. Or. 2015) (citing *Wooley v. Maynard*, 430 U.S. 705, 714 (1977); *Sykes v. McDowell*, 786 F.2d 1098, 1104 (11th Cir. 1986)). However, Boyles does not allege that Judge Moore required her to support his campaign, nor does she allege that she asserted her right either not to speak or to speak in favor of Judge Moore's opponent. Perhaps to sidestep this, Boyles asserts that Judge Moore terminated her because of her political beliefs, in violation of the

Franklin County Policies and Procedures Manual. However, as the court has already decided, doc. 19 at 5, the policies of the manual do not apply to Boyles' position of chief probate clerk, and consequently her termination could not have violated them. Moreover, Boyles told Judge Moore of her membership in the Democratic party six years prior to her discharge, doc. 25-2 at 33, which is too far temporally removed to support a claim that her political beliefs were the basis of the discharge. Accordingly, the court finds that Boyles did not engage in any expression protected by the First Amendment.

Alternatively, Boyles' wrongful termination claim is due to be dismissed because the position of probate court clerk is the legal "alter ego" of a probate judge. "[A]n elected official may dismiss an immediate subordinate for opposing [him] in an election without violating the First Amendment if the subordinate, under state or local law, has the same duties and powers as the elected official." *Leslie v. Hancock Cnty. Bd. of Educ.*, 720 F.3d 1338, 1350 (11th Cir. 2013) (quoting *Underwood v. Harkins*, 698 F.3d 1335, 1343 (11th Cir. 2012)). Boyles does not dispute that her duties and powers as a probate court clerk were identical to those of Judge Moore, nor does her response brief address the defendants' "alter ego" argument at all. Accordingly, the court finds that, even if it assumes that Boyles engaged in protected expression, Judge Moore did not violate her First

Amendment rights by terminating her and that Boyles has abandoned her wrongful termination claim. *McIntyre*, 251 F. App'x at 626.

## IV. CONCLUSION

Based on the foregoing, the motion for summary judgment is due to be granted. The court will enter a contemporaneous order consistent with this opinion.

**DONE** the 14th day of August, 2015.

                                        _____
                                        **ABDUL K. KALLON**
                                   UNITED STATES DISTRICT JUDGE